Argued September 8, affirmed October 19, 1972

# MURPHY et ux, *Appellants, v.* S. A. HUTCHINS & ASSOCIATES CONSTRUCTION CO., *Respondent.*

501 P2d 1273

*Edward M. Murphy,* Roseburg, argued the cause for appellants.

*Donald A. Dole,* Roseburg, argued the cause for respondent.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

BRYSON, J.

Plaintiffs filed this declaratory proceeding to determine whether defendant had violated a zoning ordinance of the city of Roseburg by collocating and connecting two single-family dwellings on a residential lot in Roseburg, Oregon. Plaintiffs reside near the defendant's structure and sought an order to remove one of defendant's homes. The trial court dismissed the complaint, finding that defendant's structure was a satisfactory "two family dwelling" within the terms of the ordinance. Plaintiffs appeal, assigning as error the dismissal of their complaint.

It appeared at the hearing that defendant's lot

was restricted by Roseburg Ordinance No. 1185 to single-family and two-family dwellings. The ordinance defined a two-family dwelling as follows:

> *"Two family dwelling.* A two family dwelling is a dwelling for not over two families, and having two kitchens, and within which not more than five persons are lodged for hire at one time." Ordinance 1185 § 1.

Defendant submitted its plans to the building inspection and city planning officials of the city of Roseburg prior to any construction. The officials were satisfied that the plans for the proposed structure qualified as a two-family dwelling pursuant to the ordinance and issued the appropriate building permits. There is no contention that defendant proceeded without the necessary permits or that its structure exceeded the permission granted in the permits.

The two houses were secured to one common cement foundation on defendant's lot. Defendant also connected the houses by constructing a double carport approximately eighteen feet wide between the two structures. The floor of the carport was a continuous concrete slab which was tied into the common foundation. A gabled roof covered the entire carport and was tied into each house with large wooden beams. The testimony shows that defendant made other changes, including landscaping and painting, that blended the buildings from a visual standpoint into one structure.

■■ The ordinance, being in derogation of common law rights of the property owner to use his property as he wishes, is strictly construed in favor of the property owner. *Lane County v. Heintz Const. Co.,* 228 Or 152, 364 P2d 627 (1961). A presumption of validity, regularity, and reasonableness accompanies the acts

of the city officials charged with the enforcement of the ordinance. *Jehovah's Witnesses v. Mullen,* 214 Or 281, 330 P2d 5 (1958).

The ordinance in question provides no guidelines for determining when two dwellings have been so connected that they become one dwelling. However, Mr. Eggleston, the building inspector for the city of Roseburg, testified that he felt that defendant's structure qualified as a two-family dwelling because the individual residences were attached by a substantial structural connection. Undoubtedly, the degree of physical interconnection between two structures is a significant factor in determining if the two buildings became one building. *See, e.g., H. W. Robinson Carpet Co. v. Fletcher,* 315 Mass 350, 52 NE2d 681 (1943) (two distinct buildings resting on separate foundations did not constitute a single structure merely because they were connected by a covered overhead walkway).

■ To maintain a residential flavor in the district, it was intended that one-family and two-family houses should exhibit common architectural features. A two-family dwelling should resemble a one-family dwelling to some extent and not give the appearance of two separate single-family dwellings. The city officials were satisfied that this was accomplished and issued the necessary permits.

■ ■ From defendant's evidence of the structural connection and architectural harmonization of these two buildings, the trial court was satisfied that the two homes had been transformed into one two-family dwelling. Defendant's witnesses were extensively cross-examined at the hearing and, under these circumstances, the trial court's decision is entitled to great

weight on appeal. From our review of the evidence we reach the same conclusion as the trial court.

Affirmed.

O'CONNELL, C.J., dissenting.

The ordinance restricting the use of the property to "only single family and two family dwellings" was intended to limit either single or two family use to *one* dwelling. To make sense out of the ordinance the dwelling, if the product of two separate structures, would at least have to have some semblance of architectural unity. The drawing below, made to scale from photographs in evidence, clearly demonstrates that defendant has placed on its property *two* houses with distinct architectural features, and has simply joined them with a carport.

This clearly does not comply with the ordinance and therefore the decree of the trial court should be reversed.

HOLMAN, J., joins in this dissent.